CJF10.1.18
DM/RH: USAO 2015R00729

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO.  GLR-17-223 |
| | * |
| | * (Racketeering Conspiracy, 18 U.S.C. |
| TERRELL PLUMMER, | * § 1962(d); Conspiracy to Distribute |
| a.k.a. "Rell," | * and Possess with Intent to Distribute |
| TREVON BEASLEY, | * Controlled Substances, 21 U.S.C. |
| a.k.a. "Tre," | * § 846; Murder in Aid of Racketeering, |
| TYRONE JAMISON, | * 18 U.S.C. § 1959(a)(1); Attempted |
| a.k.a. "Ty," | * Murder in Aid of Racketeering, 18 |
| DARRIN MOSLEY, | * U.S.C. § 1959(a)(5); Assault with a |
| a.k.a. "Scoop," | * Deadly Weapon in Aid of |
| a.k.a. "Legs," | * Racketeering, 18 U.S.C. § 1959(a)(6); |
| CALVIN WATSON, | * Use of a Firearm During and In |
| a.k.a. "Monster," | * Relation to a Crime of Violence and  in |
| KEITH WILSON, | * which Death Results, 18 U.S.C. |
| a.k.a. "Neno," | * § 924(j); Use of a Firearm During and |
| JASON SNOWDEN, | * In Relation to a Crime of Violence and |
| a.k.a. "J," | * Drug Trafficking Crime, 18 U.S.C. |
| a.k.a. "Lil J," | * § 924(c); Distribution and Possession |
| | * with Intent to Distribute Controlled |
| | * Substances, 21 U.S.C. § 841(a); Aiding |
| Defendants | * and Abetting, 18 U.S.C. § 2) |
| | * |
| | * |
| | * |

*******

## THIRD SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Participate in Racketeering Enterprise)

### INTRODUCTION

1.      The Old York Money Gang ("OYMG") is a violent drug trafficking organization

that operates in the region of the Waverly Way neighborhood in the northeastern district of the city

of Baltimore, Maryland.  OYMG sustains and promotes its organization through criminal activity,

including drug trafficking and acts of violence, including murder, robbery, extortion, burglary, and

narcotics trafficking in and around the city of Baltimore.

2.      OYMG composes itself as a neighborhood gang.  It generally limits membership to persons that originate from or inhabit the Waverly Way neighborhood, and excludes "outsiders" who do not come from that area.   The gang represents their association through, among other means, social media, photographs, and videos in which members and associates identify themselves by hand signals forming the letters "OY" or literal labels of "Old York Money Gang" or "OYMG."

3.      At all times relevant to this indictment, the following Defendants, among others, were members and associates of OYMG:

**TERRELL PLUMMER,**
**a.k.a. "Rell,"**
**TREVON BEASLEY,**
**a.k.a. "Tre,"**
**TYRONE JAMISON,**
**a.k.a. "Ty,"**
**DARRIN MOSLEY,**
**a.k.a. "Scoop,"**
**a.k.a. "Legs,"**
**CALVIN WATSON,**
**a.k.a. "Monster,"**
**KEITH WILSON,**
**a.k.a. "Neno,"**
**JASON SNOWDEN,**
**a.k.a. "J,"**
**a.k.a. "Lil J,"**

## THE RACKETEERING ENTERPRISE

4.      At all times relevant to this Third Superseding Indictment, OYMG, including its leaders, members and associates, constituted an "enterprise" as defined in Section 1961(4) and 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.  The enterprise

constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## PURPOSES OF THE ENTERPRISE

5.     Among the purposes of the enterprise were the following:

a.     Preserving and protecting the power, territory, operations, and proceeds of the enterprise through the distribution of controlled substances, use of threats, intimidation, and violence, including acts of murder, witness retaliation, assaults, and other acts of violence;

b.     Enriching the members and associates of the enterprise through the distribution of controlled substances, use of threats, intimidation, and violence;

c.     Promoting and enhancing the enterprise and its members' and associates' activities;

d.     Preserving and protecting the enterprise and its leaders by keeping its members and associates from cooperating with law enforcement through intimidation, violence, and threats of violence;

e.     Providing financial support and information to members, including those who were incarcerated for committing acts of violence or other offenses;

f.     Providing assistance to other gang members who committed crimes for and on behalf of the gang in order to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and punishing the offender; and

g.     Keeping victims and witnesses in fear of the enterprise and in fear of its leaders, members, and associates through acts and threats of violence.

## THE RACKETEERING CONSPIRACY

6.     Beginning on a date unknown to the Grand Jury, but at least prior to January 1,

2013, and continuing until or about the date of this Third Superseding Indictment, in the District

of Maryland, and elsewhere, the defendants,

**TERRELL PLUMMER,**
a.k.a. "Rell,"
**TREVON BEASLEY,**
a.k.a. "Tre,"
**TYRONE JAMISON,**
a.k.a. "Ty,"
**DARRIN MOSLEY,**
a.k.a. "Scoop,"
a.k.a. "Legs,"
**CALVIN WATSON,**
a.k.a. "Monster,"
**KEITH WILSON,**
a.k.a. "Neno,"
**JASON SNOWDEN,**
a.k.a. "J,"
a.k.a. "Lil J,"

each being a person employed by and associated with OYMG, an enterprise, which engaged in,

and the activities of which affected, interstate and foreign commerce, together with each other and

with other persons known and unknown to the Grand Jury, did knowingly, intentionally, and

unlawfully combine, conspire, confederate, and agree to violate Section 1962(c) of Title 18, United

States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the

enterprise's affairs through a pattern of racketeering activity, as defined in Sections 1961(1) and

(5) of Title 18, United States Code, which pattern of racketeering activity consisted of multiple

acts involving:

        a.      Murder, chargeable under Md. Code Ann., Criminal Law §§ 2-201, 2-204,

2-205, and 2-206, and the Common Law of Maryland punishable pursuant to Md. Code Ann.,

Criminal Law §§ 1-201, 1-202, 2-201, 2-204, 2-205 and 2-206 (Maryland Murder);

        b.      Robbery (attempted or conspiracy), chargeable under Md. Code Ann.

Criminal Law § 3-402

c.    Acts indictable under:

   i.  Title 18 of the United States Code Section 1951 (interference with commerce, robbery, or extortion);

  ii.  Title 18 of the United States Code Section 1503 (obstruction of justice);

 iii.  Title 18 of the United States Code Section 1512 (tampering with a witness);

 iv.  Title 18 of the United States Code Section 1513 (retaliating against a witness);

d.    Offenses involving trafficking of controlled substances in violation of:

   i.  21 U.S.C. § 846 (conspiracy to distribute a controlled substance); and

  ii.  21 U.S.C. § 841 (distribution and possession with intent to distribute a controlled substance);

## MANNER AND MEANS OF THE RACKETEERING CONSPIRACY

7.    Among the manner and means used by the Defendants, their co-conspirators, and their associates to achieve the object of the conspiracy, were the following:

a.  It was part of the conspiracy that the Defendants and members of OYMG employed and used gang-related terminology and symbols.

b.  It was further part of the conspiracy that the Defendants and their associates would organize their gang through regular meetings in the Waverly Way neighborhood, during which OYMG members would congregate together to promote the illegal objectives of the gang and represent their membership in photographs and videos.

c.  It was further part of the conspiracy that the Defendants and their associates would enrich themselves through drug trafficking and other unlawful means.

d.  It was further part of the conspiracy that the Defendants and their associates agreed

to obtain, maintain, and circulate weapons and firearms for use in criminal activity by OYMG members, including to protect their territory and drug trafficking activities.

e. It was further part of the conspiracy that the Defendants and their associates distributed and conspired to distribute quantities of controlled substances, including, but not limited to, heroin, oxycodone, cocaine, cocaine-base (commonly called "crack"), marihuana, and other controlled substances in and around their territory, the city of Baltimore, and elsewhere.

f. It was further part of the conspiracy that the Defendant and their associates controlled, maintained, and defended drug territories and permitted only OYMG members to sell drugs in these areas. Any non-OYMG members who wished to distribute drugs in these shops would be violently excluded or repelled.

g. It was further part of the conspiracy that the Defendants and their associates agreed, in order to perpetuate the drug trafficking enterprise, to defend the territory in which they trafficked controlled substances, and to maintain and increase their power, to commit acts, including murder and assaults against other individuals who posed a threat to their organization or who invaded the territory of their operations.

h. It was further part of the conspiracy that the Defendants and their associates would coordinate drug trafficking operations with each other by conducting drug trafficking at OYMG "shops," sharing the proceeds of drug trafficking, coordinating and sharing sources of supply for the controlled substances, directing and referring customers to coconspirators and OYMG members for certain sales, and assigning distinct roles to OYMG members for the distribution and sale of controlled substances.

i. It was further part of the conspiracy that the Defendants and their associates obtained, used, carried, possessed, brandished, and discharged firearms in connection with the

enterprise's illegal activities, including, but not limited to, murder and attempted murder.

j. It was further part of the conspiracy that the Defendants and their associates managed the procurement, transfer, use, concealment, and disposal of firearms and dangerous weapons within the enterprise to protect their territory, personnel, and to deter, eliminate, and retaliate against competitors, rival criminal organizations, and individuals deemed to have invaded their territory.

k. It was further part of the conspiracy that the Defendants and their associates concealed and hid, and caused to be concealed and hidden, their drug trafficking conspiracy and the acts done in furtherance thereof, by using coded language, destroying evidence, and using other means to avoid detection and apprehension by law enforcement and otherwise to provide security to associates of the enterprise.

## Overt Acts

8. In furtherance of the conspiracy, and to effect the illegal object thereof, the Defendants and their co-conspirators performed, participated in, and did the following acts, among others, in the District of Maryland and elsewhere:

9. From January 2013 until the present, the Defendants and their associates conspired and agreed to sell, confer, distribute and possess with intent to distribute controlled substances.

10. On April 1, 2013, PLUMMER and BEASLEY robbed Victim #10 of U.S. currency during the settlement of a drug debt.

11. On June 22, 2013, JAMISON possessed a firearm while in OYMG territory.

12. On August 3, 2013, RICH possessed with intent to distribute marihuana.

13. On February 18, 2014, JAMISON possessed with intent to distribute marihuana.

14. On or around April 11, 2014, a juvenile member of the enterprise possessed with

intent to distribute marihuana.

15.     Sometime in 2014, JAMISON provided PLUMMER with a firearm to protect and promote OYMG criminal activities. This is the firearm that PLUMMER used for the shooting of August 1, 2014.

16.     In the summer of 2014, PLUMMER carried a firearm in and among OYMG drug shops for the purposes of defending OYMG territory and collecting drug debts owed to PLUMMER and OYMG.

17.     On July 30, 2014, PLUMMER, RICH, MOSLEY, and other OYMG members violently attacked three victims (Victim #1, Victim #2, and Victim #3) who had entered OYMG territory to support a friend who was engaged in a dispute with the sister of an OYMG member. During this attack, Victim #1 was stabbed by an OYMG member.

18.     On August 1, 2014, the three victims returned to the same OYMG drug shop. PLUMMER discharged multiple firearm rounds at the vehicle carrying the three victims and struck Victim #1 in the head. One bullet missed the three victims and killed a three year-old child, McKenzie Elliott.

19.     On July 29, 2015, BEASLEY and an unindicted co-conspirator possessed a firearm.

20.     On July 29, 2015, BEASLEY and an unindicted co-conspirator possessed heroin with intent to distribute.

21.     On or around August 13, 2015, JAMISON and MOSLEY distributed and possessed with intent to distribute suboxone and marihuana.

22.     On or around August 13, 2015, JAMISON possessed with intent to distribute marihuana and heroin.

23.     On or around October 13, 2015, WILSON possessed with intent to distribute

cocaine-base and marihuana.

24.     On or around February 2, 2016, PLUMMER possessed with intent to distribute cocaine base.

25.     On February 5, 2016, SNOWDEN and an unindicted coconspirator possessed a firearm.

26.     On February 5, 2016, SNOWDEN possessed with intent to distribute marihuana.

27.     On or around November 10, 2015, MOSLEY possessed with intent to distribute marihuana.

28.     On or around October 19, 2016, WILSON possessed with intent to distribute marihuana and crack-cocaine.

29.     On or around October 20, 2016, BEASLEY sold cocaine-base to a confidential informant.

30.     On or around October 26, 2016, MOSLEY distributed and possessed with intent to distribute heroin and cocaine-base.

31.     On or around October 27, 2016, BEASLEY and LAWSON sold heroin and cocaine-base to a confidential informant.

32.     On or around November 3, 2016, BEASLEY sold heroin and cocaine to a confidential informant.

33.     On or around November 10, 2016, an unindicted coconspirator offered BEASLEY a contract to kill an OYMG competitor, Victim #7, which BEASLEY accepted.

34.     On or around November 15, 2016, BEASLEY shot and killed Victim #7 in Baltimore, Maryland and was assisted by MOSLEY.

35.     On or around November 23, 2016, BEASLEY and MOSLEY learned that Victim

#8 had placed a bounty on BEASLEY and MOSLEY for their role in the murder of Victim #7.

BEASLEY and MOSLEY thereafter agreed to kill Victim #8 for threatening OYMG members.

36.     On or around November 30, 2016, BEASLEY and MOSLEY followed Victim #8 to his residence in order to identify his location and prepare for his murder.

37.     December 1, 2016, BEASLEY, assisted by MOSLEY, shot Victim #8 and Victim #9 in Baltimore, Maryland.

38.     Sometime in 2017, RICH and SNOWDEN possessed firearms in furtherance of the racketeering enterprise.

39.     On or around January 2, 2017, LAWSON sold cocaine base to an undercover law enforcement officer.

40.     On or around January 3, 2017, BEASLEY, JAMISON, and WATSON sold cocaine base to an undercover law enforcement officer.

41.     On or around January 4, 2017, BEASLEY, LAWSON, and an unindicted co-conspirator sold cocaine base to an undercover law enforcement officer.

42.     On or around January 5, 2017, BEASLEY sold cocaine base to an undercover law enforcement officer.

43.     On or around January 9, 2017, BEASLEY and LAWSON sold cocaine base to an undercover law enforcement officer.

44.     On or around January 30, 2017, RICH sold marihuana to an unindicted co-conspirator.

45.     On March 23, 2017, PLUMMER sold cocaine base to a confidential informant.

46.     On March 29, 2017, PLUMMER sold cocaine base to a confidential informant.

47.     On April 12, 2017, BROWN sold cocaine base to a confidential informant.

48.     On April 13, 2017, BROWN sold cocaine base to a confidential informant.

49.     On April 13, 2017, ROSE sold cocaine base to an undercover law enforcement officer.

50.     On April 18, 2017, SNOWDEN sold marihuana to an undercover law enforcement officer.

51.     On April 26, 2017, BEASLEY possessed with intent to distribute cocaine base.

52.     On April 26, 2017, JAMISON conspired to possess with intent to distribute cocaine base and heroin.

53.     On April 26, 2017, LAWSON possessed with intent to distribute cocaine base and marihuana.

54.     On April 26, 2017, PLUMMER possessed with intent to distribute cocaine, cocaine base, heroin, and fentanyl.

55.     On April 26, 2017, RICH possessed with intent to distribute marihuana.

56.     On April 26, 2017, LAWSON possessed ammunition in his residence, for which he had previously possessed a firearm.

57.     From April 26, 2017 until the date of this Third Superseding Indictment, JAMISON tampered with evidence by conspiring with an unindicted co-conspirator to remove, conceal, and destroy firearms.

58.     On September 12, 2017, SNOWDEN distributed, and possessed with intent to distribute, marihuana.

59.     On October 2, 2017, SNOWDEN and an unindicted coconspirator robbed Victim #10 and Victim #11 of U.S. currency.

18 U.S.C. § 1962(d)

## COUNT TWO
### (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

Beginning on a date unknown to the Grand Jury but at least prior to January 1, 2013, and continuing until on or about the date of this Third Superseding Indictment, in the District of Maryland, the defendants,

**TERRELL PLUMMER,**
a.k.a. "Rell,"
**TREVON BEASLEY,**
a.k.a. "Tre,"
**TYRONE JAMISON,**
a.k.a. "Ty,"
**DARRIN MOSLEY,**
a.k.a. "Scoop,"
a.k.a. "Legs,"
**CALVIN WATSON,**
a.k.a. "Monster,"
**KEITH WILSON,**
a.k.a. "Neno,"
**JASON SNOWDEN,**
a.k.a. "J,"
a.k.a. "Lil J,"

did knowingly and intentionally combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury to distribute and possess with intent to distribute 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance; a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; one kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 846
18 U.S.C. § 2

## COUNT THREE
### (Murder in Aid of Racketeering)

The Grand Jury for the District of Maryland further charges that:

60.     OYMG, as described in paragraphs 1-5 and 7 of Count One of this Third Superseding Indictment, which are incorporated herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

61.     OYMG, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely acts involving murder, robbery in violation of Maryland state law and offenses involving the interference of interstate commerce, in violation of Title 18 of the United States Code 1951(a), and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.

On or around August 1, 2014, in the District of Maryland,

### TERRELL PLUMMER,
#### a.k.a. "Rell"

for the purpose of gaining entrance to and maintaining and increasing position in OYMG, an enterprise engaged in racketeering activity, did unlawfully, willfully, and feloniously kill McKenzie Elliott, in violation of Maryland common law and Maryland Code, Criminal Law §§ 2-201 and 2-204, all in violation of 18 U.S.C. § 1959(a)(1).

18 U.S.C. § 1959(a)(1)

## COUNT FOUR
### (Attempted Murder in Aid of Racketeering)

The Grand Jury for the District of Maryland further charges that:

Paragraphs 1-5 and 7 of Count One and Paragraphs 60-61 of Count Three of this Third Superseding Indictment are incorporated herein.

On or around August 1, 2014, in the District of Maryland,

### TERRELL PLUMMER,
### a.k.a. "Rell"

for the purpose of gaining entrance to and maintaining and increasing position in OYMG, an enterprise engaged in racketeering activity, did unlawfully, willfully, and feloniously attempt to murder Victim #1, Victim #2, Victim #3, and Victim #4, in violation of Maryland Code, Criminal Law §§ 2-205 and 2-206, and the Common Law of Maryland, all in violation of 18 U.S.C. § 1959(a)(5).

18 U.S.C. § 1959(a)(5)

## COUNT FIVE
### (Assault with a Dangerous Weapon in Aid of Racketeering)

The Grand Jury for the District of Maryland further charges that:

Paragraphs 1-5 and 7 of Count One and Paragraphs 60-61 of Count Three of this

Third Superseding Indictment are incorporated herein.

On or around August 1, 2014, in the District of Maryland,

**TERRELL PLUMMER,**
**a.k.a. "Rell"**

for the purpose of gaining entrance to and maintaining and increasing position in OYMG, an

enterprise engaged in racketeering activity, did unlawfully and knowingly assault with a dangerous

weapon Victim #1 and Victim #5, in violation of Maryland common law and Maryland Code,

Criminal Law § 3-202, all in violation of 18 U.S.C. § 1959(a)(3).

18 U.S.C. § 1959(a)(3)

## COUNT SIX
### (Using, Carrying, Brandishing, and Discharging a Firearm Resulting in Death During and In Relation To Crime of Violence and Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or around August 1, 2014, in the District of Maryland,

### TERRELL PLUMMER,
#### a.k.a. "Rell"

did knowingly use, carry, brandish, and discharge a firearm during and in relation to crimes of violence and drug trafficking crimes for which he may be prosecuted in a court of the United States, to wit, Murder in Aid of Racketeering in violation of Title 18 of the United States Code Section 1959(a), as alleged in Count Three of this Third Superseding Indictment, and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of Title 21 of the United States Code Section 846, as alleged in Count Two of this Third Superseding Indictment, which are incorporated herein, and during and in relation to those crimes did cause the death of a person through the use of a firearm, which killing constituted the first degree murder, as defined in Title 18 of the United States Code, Section 1111, of a human being, McKenzie Elliott.

18 U.S.C. § 924(c)
18 U.S.C. § 924(j)
18 U.S.C. § 1111

## COUNT SEVEN
### (Using, Carrying, Brandishing, and Discharging a Firearm During and In Relation To Crime of Violence and Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or around August 1, 2014, in the District of Maryland,

### TERRELL PLUMMER,
### a.k.a. "Rell"

did knowingly use, carry, brandish, and discharge a firearm during and in relation to a crime of violence and a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, Murder in Aid of Racketeering in violation of Title 18 of the United States Code Section 1959(a), as alleged in Count Three of this Third Superseding Indictment, and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of Title 21 of the United States Code Section 846, as alleged in Count Two of this Third Superseding Indictment, which are incorporated herein.

18 U.S.C. § 924(c)

## COUNT EIGHT
### (Conspiracy to Use and Carry a Firearm
### During and In Relation to a Crime of Violence and Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges:

Beginning on a date unknown to the Grand Jury, but at least prior to January 1, 2013, and continuing until on or about the date of this Third Superseding Indictment, in the District of Maryland, the Defendants,

**TERRELL PLUMMER,**
**a.k.a. "Rell,"**
**TREVON BEASLEY,**
**a.k.a. "Tre,"**
**TYRONE JAMISON,**
**a.k.a. "Ty,"**
**DARRIN MOSLEY,**
**a.k.a. "Scoop"**
**a.k.a. "Legs"**
**JASON SNOWDEN,**
**a.k.a. "J,"**
**a.k.a. "Lil J,"**

did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury to use and carry firearms during and in relation to crimes of violence and drug trafficking crimes for which they may be prosecuted in a court of the United States, to wit, Conspiracy to Participate in a Racketeering Enterprise, in violation of Title 18 of the United States Code 1962(d), Murder in Aid of Racketeering, in violation of Title 18 of the United States Code 1959(a), and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances in violation of Title 21 of the United States Code Section 846, as alleged in Counts One, Two, and Three of this Third Superseding Indictment, which are incorporated herein.

18 U.S.C. § 924(o)

## COUNT NINE
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around October 20, 2016, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)

## COUNT TEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around October 27, 2016, in the District of Maryland, the Defendant,

### TREVON BEASLEY,
### a.k.a. "Tre,"

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance, and a mixture or substance

containing a detectable amount of heroin, a Schedule I controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2

## COUNT ELEVEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around November 3, 2016, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)

## COUNT TWELVE
### (Distribution and Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or around January 3, 2017, in the District of Maryland, the Defendants,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**
**TYRONE JAMISON,**
**a.k.a. "Ty,"**
**CALVIN WATSON,**
**a.k.a. "Monster,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2

## COUNT THIRTEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around January 4, 2017, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2

## COUNT FOURTEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around January 5, 2017, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)

## COUNT FIFTEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around January 9, 2017, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2

## COUNT SIXTEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around March 23, 2017, in the District of Maryland, the Defendant,

**TERRELL PLUMMER,**
**a.k.a. "Rell,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)

## COUNT SEVENTEEN
### (Distribution and Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or around March 29, 2017, in the District of Maryland, the Defendant,

### TERRELL PLUMMER,
### a.k.a. "Rell,"

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)

## COUNT EIGHTEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around April 18, 2017, in the District of Maryland, the Defendant,

**JASON SNOWDEN,**
**a.k.a. "J,"**
**a.k.a. "Lil J,"**

did knowingly distribute and possess with intent to distribute a mixture or substance containing a

detectable amount of marihuana, a Schedule I controlled substance.

21 U.S.C. § 841(a)

## COUNT NINETEEN
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around April 26, 2017, in the District of Maryland, the Defendant,

**TERRELL PLUMMER,**
**a.k.a. "Rell,"**

did knowingly possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture or substance containing a detectable amount of furanyl fentanyl, a Schedule I controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2

## COUNT TWENTY
**(Distribution and Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or around April 26, 2017, in the District of Maryland, the Defendant,

**TREVON BEASLEY,**
**a.k.a. "Tre,"**

did knowingly possess with intent to distribute a mixture or substance containing a detectable

amount of cocaine base, a Schedule II controlled substance.

21 U.S.C. § 841(a)
18 U.S.C. § 2


*Robert K. Hur/mch*

ROBERT K. HUR
UNITED STATES ATTORNEY


A TRUE BILL:

# SIGNATURE REDACTED

FOREPERSON

*10-2-18*
DATE